UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES F. CORCORAN,<br>    Petitioner,<br><br>  v.<br><br>SUPERINTENDENT STEVEN J.<br>O'BRIEN,<br>    Respondent. | CIVIL ACTION NO. 11-11001-DJC |

## MEMORANDUM AND ORDER

CASPER, D.J.

On June 6, 2011, Petitioner James F. Corcoran ("Corcoran"), a prisoner in custody at MCI Plymouth, filed his self prepared petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee. Corcoran challenges his 2008 conviction for breaking an entering in the daytime with intent to commit a felony, on the grounds that the pre-trial identification of him was inherently impermissibly suggestive, in violation of his due process rights. He also contends the state judge's finding of facts (after a suppression hearing) were made in error.

Along with the petition, Corcoran filed a Motion to Appoint Counsel (Docket No. 1).

## DISCUSSION

Corcoran seeks appointment of counsel because he is indigent and unable to retain his own counsel, his petition is not frivolous, and he cannot adequately prepare legal arguments in support of his petition. No other bases for appointment of counsel are set forth.

Title 18 U.S.C. § 3006A(2)(B) authorizes the appointment of counsel for an indigent party in cases seeking relief under 28 U.S.C. § 2241, § 2254, or § 2255.  Funds for representation are payable as prescribed in Criminal Justice Act.  Appointment of counsel may be provided if the Court determines the "interests of justice so require."  18 U.S.C. § 3006A(2)(B).  The decision to appoint counsel is discretionary, and neither a civil litigant nor a habeas petitioner has a constitutional or statutory right to appointed counsel.  <u>Dellenbach v. Hanks</u>, 76 F.3d 820, 823 (7th Cir. 1996), <u>cert. denied</u>, 519 U.S. 894 (1996); <u>Jackson v. Coalter</u>, 337 F.3d 74 (1st Cir. 2003)(state prisoner had no right to counsel to collaterally attack sentence).

Here, while Corcoran may be unable to afford to retain counsel, he has not set forth any circumstances from which this Court could find that it is in the interest of justice to appoint counsel under § 3006A.  The petition does not appear to present complex or novel issues of law or fact, nor are there any personal characteristics of Corcoran set forth that might justify counsel (as, for instance, the inability to understand the English language).  Corcoran's petition and attachments demonstrate that he is proficient in the English language, and that he at least has some familiarity with legal terms and concepts, and legal procedures.

For these reasons, Corcoran's Motion for Appointment of Counsel (Docket No. 1) is <u>DENIED</u> without prejudice to renew <u>after</u>

the Respondent has filed a responsive pleading, and upon good cause shown why appointment of counsel is in the interests of justice.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that Petitioner's Motion for Appointment of Counsel (Docket No. 1) is DENIED.

SO ORDERED.

/s/ Denis J. Casper
DENISE J. CASPER
UNITED STATES DISTRICT JUDGE

DATED: June 17, 2011